ALBERTO MORA et al., Appellants, v KANE IS ABLE, INC., et al., Respondents, et al., Defendants. [963 NYS2d 375]—In an action to recover damages for personal injuries, etc., the plaintiff Alberto Mora appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated September 20, 2011, as granted those branches of the separate motions of the defendants Kane is Able, Inc., and Kane Freight Lines, Inc., and the defendant MK, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them by the plaintiff Alberto Mora, and the plaintiff Nitza Mora also appeals from the same order.

Ordered that the appeal by the plaintiff Nitza Mora is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Alberto Mora; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal by the plaintiff Nitza Mora must be dismissed as abandoned, since the appellate brief was submitted only on behalf of the plaintiff Alberto Mora.

The Supreme Court properly granted those branches of the separate motions of the defendants Kane is Able, Inc., and Kane Freight Lines, Inc., and the defendant MK, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them by the plaintiff Alberto Mora (hereinafter the injured plaintiff) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. Cain v Amaro*, 287 AD2d 676 [2001]). Those defendants established, prima facie, that their drivers and trucks were not involved in the hit-and-run accident in which the injured plaintiff was injured. In opposition, the injured

plaintiff did not raise a triable issue of fact as to the identity of the driver or the owner of the truck which struck him (see *Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d at 562). Mastro, J.P., Chambers, Hall and Lott, JJ., concur.