Gomez v City of New York (2020 NY Slip Op 05035)





Gomez v City of New York


2020 NY Slip Op 05035


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-14852
 (Index No. 509625/15)

[*1]Wiston Cruz Gomez, et al., appellants,
v
City of New York, respondent.


Liakas Law, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Kate Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 28, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On February 8, 2015, the plaintiff Wiston Cruz Gomez (hereinafter the injured plaintiff) allegedly was struck by a vehicle as he was crossing a street within a crosswalk in Brooklyn. He subsequently submitted to the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) a sworn notice of intention to make a claim dated February 19, 2015, averring that the vehicle that struck him left the scene, and that he was not able to ascertain the identity of its owner or operator. Thereafter, following the service of a notice of claim 18 days after submitting his MVAIC notice, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, City of New York, on August 5, 2015, alleging that the injured plaintiff had been struck by a New York City Sanitation Department snowplow vehicle. During discovery, it was revealed that the injured plaintiff had received $50,000 in benefits from the MVAIC based on the hit-and-run claim that he had previously submitted. The Supreme Court granted the City's subsequent motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability. The plaintiffs appeal.
"While the ultimate burden of proof at trial will fall upon the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (Collado v Jiacono, 126 AD3d 927, 928; see Zuckerman v City of New York, 49 NY2d 557, 562; Fobbs v Shore, 171 AD3d 874, 875). Here, the City submitted evidence sufficient to establish, prima facie, that its vehicle did not strike the injured plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Fobbs v Shore, 171 AD3d 874; Mora v Kane is Able, Inc., 105 AD3d 1022). In opposition, the plaintiffs, who did not provide any explanation for the previous admission to the MVAIC and the police officers investigating the accident that the injured plaintiff was unable to describe the vehicle that struck him [*2]or to ascertain the identity of the owner or operator of that vehicle, failed to raise a triable issue of fact, offering mere speculation that a City vehicle was involved in the accident.
With respect to their cross motion, the plaintiffs failed to present evidence that a City vehicle struck the injured plaintiff, and thus failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination granting the City's motion for summary judgment dismissing the complaint and denying the plaintiffs' cross motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court