Costor v AT&T Servs., Inc. (2020 NY Slip Op 06098)





Costor v AT&T Servs., Inc.


2020 NY Slip Op 06098


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-10536
 (Index No. 1210/17)

[*1]Jemmel Costor, respondent, 
v
AT & T Services, Inc., appellant, et al., defendant.


Lynch Rowan LLP, White Plains, NY (Marc Rowin of counsel), for appellant.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant AT & T Services, Inc., appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered July 1, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant AT & T Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff was struck by a vehicle while he was walking across a street at an intersection in Queens on November 4, 2016. The vehicle fled the scene of the accident, but the plaintiff saw that it was a van or a pickup truck that was light blue in color. He recorded the license plate as either GLG5917 or GLG5919; he was uncertain of the last digit of the license plate number.
The plaintiff commenced this action against John Doe, the driver of the vehicle, and AT & T Services, Inc. (hereinafter AT & T), to which license plate GLG5917 was registered. AT & T moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the vehicle which struck the plaintiff was not owned by AT & T. In support of its motion, AT & T submitted the affidavits of two employees, which stated that the subject license plate was registered to a white AT & T pickup truck at the time of the accident and that truck was relocated to Connecticut in April 2016. According to AT & T's submission, at some time prior to November 2016, the New York license plate was removed from the vehicle and a Connecticut plate was installed thereon. The AT & T employee who removed the New York plate averred that the New York plate was not placed on any other vehicle after he removed it, and it remained in his possession until he sent the plate to counsel in connection with this action. AT & T also submitted a document which it alleged demonstrated, through the use of global positioning system (hereinafter GPS) data, that the subject pickup truck made stops only in Connecticut on the day of the accident.
In the order appealed from, the Supreme Court denied the motion on the ground that the GPS document was inadmissible inasmuch as it was submitted to the court without the proper [*2]foundation and there was no information as to its reliability. AT & T appeals.
"[I]n civil cases, inadmissible hearsay admitted without objection may be considered and given such probative value as, under the circumstances, it may possess" (Rosenblatt v St. George Health and Racquetball Assoc., LLC, 119 AD3d 45, 54-55 [internal quotation marks omitted]). The Supreme Court should not have denied AT & T's motion on the ground that the GPS document was inadmissible since the plaintiff never raised that issue in opposition to the motion (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202).
In any event, the other evidence submitted by AT & T established, prima facie, that AT & T's vehicle was not involved in the subject accident (see Mora v Kane is Able, Inc., 105 AD3d 1022). In opposition, the plaintiff failed to raise a triable issue of fact as to the identity of the driver or owner of the vehicle which struck him (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Mora v Kane is Able, Inc., 105 AD3d at 1022-1023). Accordingly, the Supreme Court should have granted AT & T's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court