Matter of Slade v Stanford (2023 NY Slip Op 00097)

Matter of Slade v Stanford

2023 NY Slip Op 00097

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-02203
 (Index No. 203/19)

[*1]In the Matter of Derek Slade, respondent,
v
Tina M. Stanford, etc., appellant.

Letitia James, Attorney General, New York, NY (Steven C. Wu and Mark S. Grube of counsel), for appellant.
Prisoners' Legal Services of New York (Karen L. Murtagh, Matthew McGowan, and Amini LLC, New York, NY [John W. Brewer and Eric A. Seiff], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated June 19, 2018, which, after an interview pursuant to Executive Law § 259-i(2)(a)(i), denied the petitioner's request to be released on parole, Tina M. Stanford, as the Chairperson of the New York State Parole Board, appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 23, 2019. The order, after a hearing, granted that branch of the petitioner's motion which was to hold Tina M. Stanford in civil contempt for failure to comply with a judgment of the same court dated June 4, 2019.
ORDERED that the order is reversed, on the law, without costs or disbursements, and that branch of the petitioner's motion which was to hold Tina M. Stanford in civil contempt for failure to comply with the judgment dated June 4, 2019, is denied.
"The aim of civil contempt is to vindicate a party's right to the benefits of a judicial mandate or to compensate that party for the interference by the contemnor" (Matter of Banks v Stanford, 159 AD3d 134, 140; see Matter of McCormick v Axelrod, 59 NY2d 574, 583, amended 60 NY2d 652). To support a finding of civil contempt, first, there must be a lawful order of the court in effect clearly expressing an unequivocal mandate. Second, it must appear with reasonable certainty that the order has been disobeyed. Third, the party to be held in contempt must have had knowledge of the court's order. Fourth, the violation of the court's order must be shown to impede, impair, or prejudice the rights of another party (see Matter of McCormick v Axelrod, 59 NY2d at 583; Matter of Banks v Stanford, 159 AD3d at 140; see also Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; McCain v Dinkins, 84 NY2d 216, 226). "Once the movant makes the required showing, the burden shifts to the alleged contemnor to refute that showing, or to offer evidence of a defense such as an inability to comply with the order" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964; see El-Dehdan v El-Dehdan, 26 NY3d at 35). "'A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence'" (Louzoun v Montalto, 162 AD3d 1004, 1005, quoting Savel v Savel, 153 AD3d 872, 873).
Here, the petitioner failed to establish, by clear and convincing evidence, that the appellant did not comply with the judgment dated June 4, 2019. A written determination of the New York State Board of Parole (hereinafter the Board) dated November 19, 2019, together with the transcript of a de novo interview, reflect that the Board gave genuine consideration to the statutory factors (see Executive Law § 259-i[2][c][A]), and did not deny the petitioner's application for parole release exclusively on the basis of the underlying conviction. Consequently, the Supreme Court erred in granting that branch of the petitioner's motion which was to hold the appellant in civil contempt (see Matter of Cassidy v New York State Bd. of Parole, 140 AD3d 953; Matter of Banks v Stanford, 159 AD3d at 146; see also Matter of Campbell v Stanford, 173 AD3d 1012; cf. Matter of Ferrante v Stanford, 172 AD3d 31).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court