Orlando v Gonzalez (2023 NY Slip Op 06748)

Orlando v Gonzalez

2023 NY Slip Op 06748

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-04927
 (Index No. 614797/21)

[*1]Jeremy L. Orlando, appellant, et al., plaintiff,
v
Jose A. Garcia Gonzalez, et al., respondents.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Daniel Zybtsev of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Jeremy L. Orlando appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 7, 2022. The order, insofar as appealed from, in effect, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted by the plaintiff Jeremy L. Orlando and dismissing the defendants' affirmative defense alleging comparative negligence insofar as asserted against the plaintiff Jeremy L. Orlando.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted by the plaintiff Jeremy L. Orlando and dismissing the defendants' affirmative defense alleging comparative negligence insofar as asserted against the plaintiff Jeremy L. Orlando are granted.
On March 3, 2020, the plaintiff Jeremy L. Orlando (hereinafter the injured plaintiff) allegedly was injured when the vehicle he was operating was struck in the rear by a vehicle operated by the defendant Jose A. Garcia Gonzalez and owned by his employer, the defendant J.P. Hunter Enterprises, Inc. The injured plaintiff and his wife, suing derivatively, commenced this action against the defendants to recover damages for personal injuries. In their answer, the defendants asserted, inter alia, an affirmative defense alleging comparative negligence. The plaintiffs moved, inter alia, for summary judgment on the issue of liability insofar as asserted by the injured plaintiff and dismissing the defendants' affirmative defense alleging comparative negligence insofar as asserted against the injured plaintiff. In an order dated June 7, 2022, the Supreme Court, among other things, in effect, denied those branches of the plaintiffs' motion, and the injured plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Bello v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727; see Vehicle and Traffic Law § 1129[a]). Thus, "[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Edgerton v City of New York, 160 AD3d 809, 810; see Tutrani v County of Suffolk, 10 NY3d 906, 908).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability insofar as asserted by the injured plaintiff by submitting an affidavit of the injured plaintiff and a certified police accident report, which demonstrated that the injured plaintiff's vehicle was stopped for a traffic condition ahead when it was struck in the rear by the defendants' vehicle (see Quintanilla v Mark, 210 AD3d 713, 714; Mahmud v Feng Ouyang, 208 AD3d 861, 862; Lopez v Dobbins, 164 AD3d 776, 777). The plaintiffs also established their prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence insofar as asserted against the injured plaintiff by demonstrating that he was not at fault in the happening of the accident (see Quintanilla v Mark, 210 AD3d at 714; Mahmud v Feng Ouyang, 208 AD3d at 862).
In opposition to the plaintiffs' prima facie showings, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the plaintiffs' motion was not premature.
The defendants' proffered need to conduct depositions did not warrant denial of the plaintiffs' motion, since the defendant driver already had personal knowledge of the relevant facts, and the defendants' mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Quintanilla v Mark, 210 AD3d at 714-715).
Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted by the injured plaintiff and dismissing the defendants' affirmative defense alleging comparative negligence insofar as asserted against the injured plaintiff.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court