Tejada v Gassaway (2024 NY Slip Op 03195)

Tejada v Gassaway

2024 NY Slip Op 03195

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-05921
 (Index No. 517065/21)

[*1]Daniel Mendoza Tejada, respondent,
v
Jean M. Gassaway, appellant, et al., defendant.

Litchfield Cavo LLP, New York, NY (Ardinez A. Domgjoni and Christopher A. McLaughlin of counsel), for appellant.
Khavinson & Associates, P.C., New York, NY (Karl Eschelbach of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Jean M. Gassaway appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated June 14, 2022. The order denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Jean M. Gassaway which was for summary judgment dismissing the complaint insofar as asserted against her is granted.
On June 22, 2020, the plaintiff allegedly sustained personal injuries when the vehicle he was driving was struck in the rear at an intersection in Queens by a vehicle that fled the scene of the accident. The plaintiff commenced this action, alleging that his vehicle was struck in the rear by a 2015 Honda CR-V bearing a New Jersey license plate number, which was owned by the defendant Jean M. Gassaway (hereinafter the defendant) and operated by a "John Doe."
After joining issue, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her, contending that neither she nor her vehicle were involved in the accident. In support of the motion, the defendant submitted, among other things, her affidavit, in which she admitted that she owned a 2015 Honda CR-V bearing the subject license plate number but averred that both she and her vehicle were at her home in New Jersey at the time of the accident and that on that day, neither she nor her vehicle were in New York, near the scene of the accident, or involved in the accident. The defendant also submitted the police accident report, which stated that the plaintiff had identified a black Chrysler minivan as the vehicle that had struck his vehicle in the rear. The defendant further averred that her 2015 Honda CR-V was a small SUV, champagne or titanium in color.
In opposition to the motion, the plaintiff submitted his affidavit, in which he averred that, after the accident, he "was able to obtain the license plate of the defendant's vehicle at the scene of the accident." Notably, the plaintiff did not describe the vehicle that struck his vehicle in the rear, explain how he obtained the subject license plate number, or aver to any facts that would support the allegations in the complaint that the defendant's 2015 Honda CR-V was the vehicle that struck the plaintiff's vehicle in the rear. In the order appealed from, the Supreme Court denied that branch of [*2]the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her. The defendant appeals.
A defendant moving for summary judgment has the burden of making a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Propsect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). Here, the defendant established, prima facie, that neither she nor her 2015 Honda CR-V were involved in the hit-and-run accident in which the plaintiff allegedly was injured (see Costor v AT & T Servs., Inc., 187 AD3d 1135, 1137; Gomez v City of New York, 186 AD3d 1494, 1495; Fobbs v Shore, 171 AD3d 874, 875; Mora v Kane is Able, Inc., 105 AD3d 1022, 1022). In opposition, the plaintiff, who provided no description of the vehicle that struck his vehicle or any explanation as to how he obtained the subject license plate number, failed to raise a triable issue of fact (see Costor v AT & T Servs., Inc., 187 AD3d at 1137; Gomez v City of New York, 186 AD3d at 1495; Mora v Kane is Able, Inc., 105 AD3d at 1022-1023; cf. Fobbs v Shore, 171 AD3d at 875).
Further, the plaintiff's proffered need to conduct depositions does not warrant denial of that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her, since the plaintiff already had personal knowledge of the relevant facts of the accident and his mere hope or speculation that evidence might be uncovered is insufficient to justify denying that branch of the motion (see CPLR 3212[f]; Orlando v Gonzalez, 222 AD3d 989, 991; Quintanilla v Mark, 210 AD3d 713, 715).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court