Barr v Canales (2024 NY Slip Op 04944)

Barr v Canales

2024 NY Slip Op 04944

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-00010
 (Index No. 602500/21)

[*1]Cherise Barr, et al., appellants, 
v
Jose S. Canales, et al., respondents.

Law Office of Cohen & Jaffe, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellants.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondents (no brief filed).

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated November 30, 2021. The order denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' first, sixth, seventh, and eighth affirmative defenses.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' first, sixth, seventh, and eighth affirmative defenses is granted.
On September 28, 2019, the plaintiff Cherise Barr (hereinafter Cherise) was operating a vehicle on Broadhollow Road in Suffolk County when it was struck in the rear by a vehicle operated by the defendant Manuel J. Canales (hereinafter the defendant driver) and owned by the defendant Jose S. Canales. The plaintiff Beverly Barr was a passenger in the vehicle operated by Cherise at the time of the accident. In March 2021, the plaintiffs commenced this action against the defendants to recover damages for personal injuries the plaintiffs allegedly sustained as a result of the accident. In their answer, the defendants asserted various affirmative defenses, including comparative negligence (first affirmative defense), failure to use seatbelts (sixth affirmative defense), lack of personal jurisdiction (seventh affirmative defense), and that the action was time-barred (eighth affirmative defense). The plaintiffs moved for summary judgment on the issue of liability and dismissing the defendant's first, sixth, seventh, and eighth affirmative defenses. In an order dated November 30, 2021, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"'When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe distance, rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle'" (Abramov v Martinez, 224 AD3d 794, 795-796, quoting Sougstad v Capuano, 215 AD3d 776, 777). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (id. at 796; see McRae v City of New York, 208 AD3d 775, 775-776). A nonnegligent explanation may include [*2]admissible evidence of mechanical failure (see Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726; Briceno v Milbry, 16 AD3d 448).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting their respective affidavits, which demonstrated, inter alia, that the plaintiffs' vehicle was traveling at a constant speed of 35 miles per hour in the right lane for at least one minute when it was struck in the rear by the defendants' vehicle (see Orlando v Gonzalez, 222 AD3d 989, 990; Quintanilla v Mark, 210 AD3d 713, 714). The plaintiffs also established their prima facie entitlement to judgment as a matter of law dismissing the defendants' first affirmative defense, alleging comparative negligence, by demonstrating that they were not comparatively at fault in the happening of the accident (see Orlando v Gonzalez, 222 AD3d at 990; Singh v Jervis, 222 AD3d 900, 901).
In opposition, the defendants failed to submit evidence in admissible form sufficient to raise a triable issue of fact as to whether they had a nonnegligent explanation for the accident or whether the plaintiffs were comparatively at fault in the happening of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The statement made by the defendant driver contained in a certified police accident report that he was unable to stop his vehicle because the "brakes failed" is self-serving and inadmissible and should have been disregarded by the Supreme Court (see Singh v Jervis, 222 AD3d at 901; Yassin v Blackman, 188 AD3d 62, 65). Moreover, the defendants' desire to conduct additional discovery, including party depositions, did not warrant the denial of those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense. The defendants already had personal knowledge of the relevant facts, particularly as to the proffered explanation of brake failure for striking the plaintiffs' vehicle in the rear, and the defendants' mere hope or speculation that additional evidence might be uncovered was insufficient to deny those branches of the plaintiffs' motion (see Orlando v Gonzalez, 222 AD3d at 990; Quintanilla v Mark, 210 AD3d at 715; Branach v Belvedere VIII, LLC, 189 AD3d 1531, 1532).
The plaintiffs further established their prima facie entitlement to summary judgment dismissing the defendants' sixth affirmative defense, alleging the failure to use seatbelts (see Giwa v Bloom, 154 AD3d 921, 923), the defendants' seventh affirmative defense, alleging lack of personal jurisdiction (see Simonds v Grobman, 277 AD2d 369), and the defendants' eighth affirmative defense, alleging that the action was time-barred (see CPLR 214[5]). In opposition, the defendants failed to raise a triable issue of fact to warrant denial of those branches of the plaintiffs' motion (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' first, sixth, seventh, and eighth affirmative defenses.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court