Matter of Emily M. (Joyce G.) (2026 NY Slip Op 00377)

Matter of Emily M. (Joyce G.)

2026 NY Slip Op 00377

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-11363
 (Docket No. L-23494-23)

[*1]In the Matter of Emily M. (Anonymous). Administration for Children's Services, appellant; Joyce G. (Anonymous), respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jeremy W. Shweder and Melanie T. West of counsel), for appellant.
Twyla Carter, New York, NY (Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 358-a, the petitioner appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated October 8, 2024. The order, insofar as appealed from, after a hearing, upon granting the motion of the attorney for the child to hold the petitioner in civil contempt for failing to comply with an order of the same court dated January 19, 2024, imposed a fine of $250 per day of noncompliance, for a total amount of $48,750, upon the petitioner.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, upon granting the motion of the attorney for the child to hold the petitioner in civil contempt for failing to comply with an order of the same court dated January 19, 2024, imposed a fine of $250 per day of noncompliance, for a total amount of $48,750, upon the petitioner is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated October 8, 2024, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
In November 2023, the petitioner commenced this proceeding pursuant to Social Services Law § 358-a to approve an instrument transferring care and custody of the subject child to the petitioner. In an order dated January 19, 2024 (hereinafter the January 2024 order), the Family Court directed the petitioner to place the child in a traditional foster home no later than January 26, 2024. Thereafter, the attorney for the child moved to hold the petitioner in civil contempt for failing to comply with the January 2024 order, alleging that the petitioner had failed to place the child in a traditional foster home. In an order dated October 8, 2024, after a hearing, the court, upon granting the motion to hold the petitioner in civil contempt, determined that the child had suffered actual injury as a result and imposed a fine of $250 per day of noncompliance, for a total amount of $48,750, upon the petitioner. The petitioner appeals.
"'A motion to punish a party for civil contempt is addressed to the sound discretion [*2]of the motion court'" (Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y., 225 AD3d 865, 868, quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). Upon a finding of civil contempt, "'Judiciary Law § 773 . . . provides for two types of awards: one where actual damage has resulted from the contemptuous act in which case an award sufficient to indemnify the aggrieved party is imposed, and one where the complainant's rights have been prejudiced but an actual loss or injury is incapable of being established'" (id. at 869, quoting Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d 37, 43). "In the second situation, the fine is limited to $250, plus the complainant's costs and expenses" (Matter of Ferrante v Stanford, 172 AD3d 31, 39; see Judiciary Law § 773). By contrast, "where there is actual loss or injury the statute does not provide for a general $250 fine, single or multiple. It calls instead for an assessment that will indemnify aggrieved parties" (State of New York v Unique Ideas, 44 NY2d 345, 350).
Here, the Family Court correctly determined that the child had suffered actual injury as a result of the contemptuous act. Contrary to the petitioner's contention, the evidence of actual injury to the child was not unduly conjectural (see McCain v Dinkins, 84 NY2d 216, 229; Glanzman v Fischman, 135 AD2d 493). The petitioner's contention that the court erroneously considered hearsay testimony about the child's injuries is unpreserved for appellate review, since the petitioner did not object to admission of the testimony during the contempt hearing (see Matter of Kevon G. [Keith G.], 196 AD3d 572, 573-574; Matter of Kaiser v Orange County Dept. of Social Servs., 34 AD3d 586, 587). "'[I]n civil cases, inadmissible hearsay admitted without objection may be considered and given such probative value as, under the circumstances, it may possess'" (Costor v AT & T Servs., Inc., 187 AD3d 1135, 1136-1137 [alteration omitted], quoting Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54-55).
However, the Family Court should not have imposed a fine upon the petitioner in the amount of $250 per day of noncompliance, as that fine appears to be based upon the statutory maximum amount for unprovable damages. Where the aggrieved party's losses are shown to be "actual and reasonably ascertainable," it is inappropriate to impose a fine "based on separate acts of contempt multiplied by the statutory maximum for unprovable damages" (State of New York v Unique Ideas, Inc., 44 NY2d at 350; see Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d at 45). Rather, the court should have imposed a "reasonably certain compensatory fine" that is "properly related to the scope of the injury" (State of New York v Unique Ideas, Inc., 44 NY2d at 350).
Additionally, "'[t]he aim of civil contempt is to vindicate a party's right to the benefits of a judicial mandate or to compensate that party for the interference by the contemnor'" (Matter of Slade v Stanford, 212 AD3d 636, 637, quoting Matter of Banks v Stanford, 159 AD3d 134, 140). "'Accordingly, '[a]ny penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both'" (Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y., 225 AD3d at 869, quoting Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239). Under these circumstances, where the Family Court specifically invoked the petitioner's "inconsisten[cy] and carelessness," the fine of $250 per day of noncompliance appears to represent an improper attempt to punish the contemnor rather than compensate the injured party (see Rpower, LLC v ANB Sys. Supplies, LLC, 229 AD3d 1062, 1064).
Accordingly, we reverse the order insofar as appealed from and remit the matter to the Family Court, Kings County, for a new determination on the amount of the fine imposed upon the finding of contempt.
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court