■ WILLIAMS NANA NSIAH-ABABIO, Appellant, v CHARLES D. HUNTER et al., Respondents. [913 NYS2d 659]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 2, 2009, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff allegedly sustained personal injuries when the motor vehicle he was operating was struck in the rear by a vehicle owned by the defendant B.O. Astra Management Corp. and operated by the defendant Charles D. Hunter. Following joinder of issue and some pretrial discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We reverse.

A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (*see* Vehicle and Traffic Law § 1129 [a]; *see generally Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]; *Maxwell v Lobenberg*, 227 AD2d 598, 598-599 [1996]). Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting his own deposition testimony

regarding the circumstances of the accident and his proper operation of his vehicle, as well as the defendant Hunter's admission, made immediately following the accident and memorialized in a police accident report (*see Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]), that his vehicle struck the plaintiff's vehicle in the rear. In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In this regard, the defendants' contention that the motion should have been denied pursuant to CPLR 3212 (f) as premature is unpersuasive. Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.