Mahmud v Feng Ouyang (2022 NY Slip Op 05081)

Mahmud v Feng Ouyang

2022 NY Slip Op 05081

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-06721
 (Index No. 717385/19)

[*1]Saifuddin Mahmud, appellant, 
v
Feng Ouyang, respondent.

Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman-Brown, J.), entered August 5, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense, which alleged comparative fault, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense is granted.
On April 29, 2018, the plaintiff allegedly sustained personal injuries while driving in Queens when his vehicle was struck in the rear by a vehicle operated by the defendant. In October 2019, the plaintiff commenced this action against the defendant to recover damages for personal injuries. In a verified answer, the defendant asserted affirmative defenses including the third affirmative defense, which alleged comparative fault by the plaintiff. Thereafter, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense. In an order entered August 5, 2021, the Supreme Court denied the plaintiff's motion with leave to renew upon the completion of discovery. The plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, "[a] rear-end collision with a vehicle that is slowing down establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Hasan v City of New York, 183 AD3d 572, 573). "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, 'must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead'" (Grier-Key v Lyons, 195 AD3d 798, 799, quoting Arslan v Costello, [*2]164 AD3d 1408, 1409-1410).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the submission of his own affidavit, in which he averred that his vehicle was slowing due to traffic when it was struck in the rear by the defendant's vehicle (see Sooklall v Morisseav-Lafague, 185 AD3d 1079, 1081; Lopez v Dobbins, 164 AD3d 776). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendant's third affirmative defense, which alleged comparative fault, by demonstrating that he was not negligent in the happening of the accident (see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d at 814; Lopez v Dobbins, 164 AD3d at 777). In opposition to the plaintiff's prima facie showings, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, his claim that the plaintiff made a sudden stop, standing alone, was insufficient to raise a triable issue of fact as to whether the plaintiff negligently contributed to the accident under the circumstances of this case (see Lopez v Dobbins, 164 AD3d at 777; Robayo v Aghaabdul, 109 AD3d 892, 893-894).
Further, the defendant's contention that the plaintiff's motion was premature is without merit. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, '[a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Skura v Wojtlowski, 165 AD3d 1196, 1200, quoting Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310 [internal quotation marks and citations omitted]). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Branach v Belvedere VIII, LLC, 189 AD3d 1531, 1532, quoting Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). Here, the defendant's proffered need to conduct depositions did not warrant denial of the motion, since the defendant already had personal knowledge of the relevant facts, and his mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Liddell v Morrison, 204 AD3d 987; Sapienza v Harrison, 191 AD3d 1028, 1030-1031).
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court