Quintanilla v Mark (2022 NY Slip Op 06151)

Quintanilla v Mark

2022 NY Slip Op 06151

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-04464
 (Index No. 724287/20)

[*1]William Quintanilla, et al., appellants, 
v
Jonathan Mark, respondent.

Subin Associates, LLP (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Michael Ferro, Westbury, NY (Susan J. Mitola of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated June 10, 2021. The order denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence is granted.
On February 15, 2020, a vehicle operated by the plaintiff William Quintanilla (hereinafter William), in which the plaintiff Fiordaliza Quintanilla was a passenger, allegedly was struck in the rear by a vehicle operated by the defendant. The accident occurred in the left westbound lane of the Staten Island Expressway. In December 2020, the plaintiffs commenced this action against the defendant to recover damages for personal injuries. In his answer, the defendant asserted, inter alia, an affirmative defense alleging comparative negligence. Thereafter, the plaintiffs moved for summary judgment on the issue of liability and dismissing the affirmative defense alleging comparative negligence. In an order dated June 10, 2021, the Supreme Court denied the plaintiffs' motion with leave to renew upon the completion of discovery. The plaintiffs appeal.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817). "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, 'must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or [*2]her vehicle and the vehicle ahead'" (Grier-Key v Lyons, 195 AD3d 798, 799, quoting Arslan v Costello, 164 AD3d 1408, 1409-1410).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of William's affidavit, in which he averred that his vehicle was stopped due to traffic when it was struck in the rear (see Sooklall v Morisseav-Lafague, 185 AD3d 1079, 1081; Lopez v Dobbins 164 AD3d 776, 777). The plaintiffs also established their prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence by demonstrating that William was not at fault in the happening of the accident (see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d at 813-814; Lopez v Dobbins, 164 AD3d at 777). In opposition to the plaintiffs' prima facie showings, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, his claim that he did not see brake lights on the plaintiffs' vehicle prior to the collision, standing alone, was insufficient to raise a triable issue of fact as to whether an alleged malfunction of the brake lights on the plaintiffs' vehicle proximately caused the accident (see Bene v Dalessio, 135 AD3d 679, 680; Cortes v Whelan, 83 AD3d 763, 763).
Further, the defendant's contention that the plaintiffs' motion was premature is without merit. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, '[a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Skura v Wojtlowski, 165 AD3d 1196, 1200, quoting Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310 [citations and internal quotation marks omitted]). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Branach v Belvedere VIII, LLC, 189 AD3d 1531, 1532, quoting Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). Here, the defendant's proffered need to conduct depositions did not warrant denial of the motion, since the defendant already had personal knowledge of the relevant facts, and his mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Liddell v Morrison, 204 AD3d 987, 989; Sapienza v Harrison, 191 AD3d 1028, 1030-1031).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court