An v Abbate (2023 NY Slip Op 00977)

An v Abbate

2023 NY Slip Op 00977

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04111
 (Index No. 709973/19)

[*1]Mark Soo An, appellant, 
v
Joseph Abbate, et al., respondents.

Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP [Kelly Breslauer], of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 21, 2020. The order denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.
On May 3, 2019, on Roosevelt Avenue near 154th Street in Queens, a vehicle operated by the defendant Joseph Abbate and owned by the defendant Tri Messine Construction Co., Inc., struck the plaintiff's vehicle in the rear. The plaintiff commenced this personal injury action and subsequently moved, inter alia, for summary judgment on the issue of liability. In an order entered May 21, 2020, the Supreme Court denied that branch of the plaintiff's motion, and the plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). As such, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Garcia v Cotzomi, 206 AD3d 626, 626; see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d at 814). "A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances" (Munoz v Agenus, Inc., 207 AD3d 643, 645 [internal quotation marks omitted]; see Drakh v Levin, 123 AD3d 1084, 1085). "[V]ehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Munoz v Agenus, Inc., 207 AD3d at 645 [internal quotation marks omitted]; see Martin v County of Westchester, 194 AD3d 1036, 1036-1037). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New [*2]York, 31 NY3d 312).
Here, the plaintiff established, prima facie, that the defendants' negligence was a proximate cause of the accident. In support of his motion, the plaintiff submitted an affidavit in which he averred that his vehicle was at a full stop when it was struck in the rear by the defendants' vehicle (see Garcia v Cotzomi, 206 AD3d at 626; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d at 814). In opposition, the defendants failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Munoz v Agenus, Inc., 207 AD3d at 645). The defendants submitted an affidavit from Devon Thomas, a witness to the accident, who stated that he saw the plaintiff's vehicle backing up while the defendants' vehicle was moving forward and, as a result, the front of the defendants' vehicle made contact with the rear of the plaintiff's vehicle. Thomas's statement that the defendants' vehicle moved forward into the rear of the plaintiff's vehicle was consistent with the plaintiff's account of the accident. However, Thomas's statement that the plaintiff's vehicle was backing up at the same time was insufficient to raise a triable issue of fact because that statement related only to the plaintiff's comparative fault (see Rodriguez v City of New York, 31 NY3d at 323-324; Whitehead v David Rosen Bakery Supplies, Inc., 208 AD3d 533).
The parties' remaining contentions are either without merit or not properly before this Court (see Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court