Newkirk v Safe Coach Bus, Inc. (2023 NY Slip Op 03699)

Newkirk v Safe Coach Bus, Inc.

2023 NY Slip Op 03699

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-04523
 (Index No. 502865/21)

[*1]Rahiem Newkirk, respondent,
v
Safe Coach Bus, Inc., et al., appellants.

Johnson Liebman, LLP, New York, NY (Charles D. Liebman of counsel), for appellants.
Ferrante & Koenig, PLLC, Pelham, NY (Anthony A. Ferrante of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated June 3, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 24, 2020, the plaintiff allegedly was injured while he was a passenger in a bus owned by the defendant Safe Coach Bus, Inc., and operated by the defendant Sebastian Green (hereinafter the defendant driver), when the bus struck the rear of another vehicle. In February 2021, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated June 3, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817; see Diamond v Comins, 194 AD3d 784, 785).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his own affidavit and a certified police accident report. The plaintiff's submissions demonstrated, prima facie, that the defendant driver was negligent in failing to maintain a reasonably safe distance from the vehicle ahead in light of traffic conditions and in coming into contact with the rear of that vehicle (see Mahmud v Feng Ouyang, 208 AD3d 861, 862; Lopez v Dobbins, 164 AD3d 776, 777). In opposition to the plaintiff's prima facie showing, [*2]the defendants failed to raise a triable issue of fact. The defendant driver's affidavit, submitted in opposition to the motion, contradicted his statements immediately following the accident, as reflected in the police accident report, and must be viewed as a belated attempt to avoid the consequences of his earlier admission by raising a feigned issue of fact (see Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1552-1553; Kerolle v Nicholson, 172 AD3d 1187; Odetalla v Rodriguez, 165 AD3d 826, 827).
In light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court