Yonghong Xia v Zhao Xian Zeng (2023 NY Slip Op 04435)

Yonghong Xia v Zhao Xian Zeng

2023 NY Slip Op 04435

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-00539
 (Index No. 707164/20)

[*1]Yonghong Xia, plaintiff-respondent, 
v
Zhao Xian Zeng, et al., defendants-respondents, Paul Gornie Briggs, et al., appellants.

Eric D. Feldman, Melville, NY (Dominic P. Zafonte of counsel), for appellants.
Steven Louros, New York, NY, for plaintiff-respondent.
Jennifer S. Adams, Yonkers, NY (Salvatore A. Grimaldo of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Paul Gornie Briggs and ECCO III Enterprise, Inc., appeal from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered January 5, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment against those defendants on the issue of whether the plaintiff was at fault in the happening of the accident, for summary judgment on the issue of liability insofar as asserted against those defendants, and for summary judgment dismissing those defendants' second affirmative defense alleging comparative negligence, and granted that branch of the cross-motion of the defendants Zhao Xian Zeng and Li Tan Construction Corp. which was for summary judgment dismissing the cross-claim asserted by the defendants Paul Gornie Briggs and ECCO III Enterprise, Inc., against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On May 3, 2019, the plaintiff allegedly was injured in an automobile accident which occurred in Queens. At the time of the accident, the plaintiff was a rear-seat passenger in a vehicle operated by the defendant Zhao Xian Zeng (hereinafter Zeng) and owned by the defendant Li Tan Construction Corp. (hereinafter LTCC). That vehicle was struck in the rear by a vehicle operated by the defendant Paul Gornie Briggs and owned by the defendant ECCO III Enterprise, Inc. [*2](hereinafter ECCO).
In June 2020, the plaintiff commenced this action against the defendants to recover damages for personal injuries. In their answer, Briggs and ECCO asserted, inter alia, an affirmative defense alleging comparative negligence, and asserted a cross-claim against Zeng and LTCC. Thereafter, the plaintiff moved, among other things, for summary judgment against Briggs and ECCO on the issue of whether the plaintiff was at fault in the happening of the accident, for summary judgment on the issue of liability insofar as asserted against those defendants, and for summary judgment dismissing, inter alia, those defendants' second affirmative defense alleging comparative negligence. Zeng and LTCC cross-moved, among other things, for summary judgment dismissing the cross-claim asserted by Briggs and ECCO against them. The Supreme Court, inter alia, granted those branches of the plaintiff's motion and granted that branch of the cross-motion of Zeng and LTCC. Briggs and ECCO appeal.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment against Briggs and ECCO on the issue of whether the plaintiff was at fault in the happening of the accident, for summary judgment on the issue of liability insofar as asserted against those defendants, and for summary judgment dismissing those defendants' second affirmative defense alleging comparative negligence. "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). Here, in support of the motion, the plaintiff submitted his own affidavit, which demonstrated, prima facie, that Briggs was negligent in striking Zeng's vehicle in the rear, regardless of whether Zeng's vehicle was moving or stopped at the time of the collision (see Lopez v Suggs, 186 AD3d 589; Service v McCoy, 131 AD3d 1038). Further, the plaintiff established, prima facie, that he did not engage in any culpable conduct that contributed to the happening of the accident (see Ochoa v Townsend, 209 AD3d 867, 868; Morris v Dorota, 187 AD3d 1174). The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers (see Ochoa v Townsend, 209 AD3d at 868; Romain v City of New York, 177 AD3d 590, 591; Medina v Rodriguez, 92 AD3d 850, 851). In opposition, Briggs and ECCO failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of the cross-motion of Zeng and LTCC which was for summary judgment dismissing the cross-claim asserted by Briggs and ECCO against them. In support of their cross-motion, Zeng and LTCC submitted, among other things, Zeng's affidavit, wherein he averred that he was slowing down because a vehicle in front of him was slowing down when his vehicle was struck in the rear by the vehicle operated by Briggs (see Mahmud v Feng Ouyang, 208 AD3d 861, 862; Le Grand v Silberstein, 123 AD3d 773, 775; Jumandeo v Franks, 56 AD3d 614, 615). In opposition, Briggs and ECCO failed to raise a triable issue of fact. Their contention that Zeng's vehicle made a sudden stop was insufficient to raise a triable issue of fact as to whether Zeng contributed to the accident under the circumstances of this case (see Mahmud v Feng Ouyang, 208 AD3d at 862; Jumandeo v Franks, 56 AD3d at 615). Additionally, since Briggs averred in his affidavit that he knew that the road was damp from rain that fell earlier, Briggs and ECCO failed to demonstrate that a skid on a known road condition was unavoidable (see Newman v Apollo Tech Iron Work Corp., 188 AD3d 902, 903; Morgan v Flippen, 173 AD3d 735, 736; Tumminello v City of New York, 148 AD3d 1084, 1085).
Contrary to the contention of Briggs and ECCO, the motion and the cross-motion were not premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, '[a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Skura v Wojtlowski, 165 AD3d 1196, 1200, quoting Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310 [internal quotation marks and citations omitted]; see Gaston v Vertsberger, 176 AD3d 919, 920; R.L. v New York City Dept. of Educ., 175 AD3d 477, 479). "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Branach v Belvedere VIII, LLC, 189 AD3d 1531, 1532, quoting Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). Here, the proffered need of Briggs and ECCO to conduct depositions did not warrant denial of the motion and the cross-motion. Briggs had personal knowledge of the relevant facts, and the mere hope or speculation that evidence might be uncovered was insufficient to deny the motion and the cross-motion (see Quintanilla v Mark, 210 AD3d at 715; Mahmud v Feng Ouyang, 208 AD3d at 862; Cajas-Romero v Ward, 106 AD3d 850, 852).
The remaining contentions of Briggs and ECCO are improperly raised for the first time on appeal.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court