Keller-Wala v Coello (2024 NY Slip Op 01004)

Keller-Wala v Coello

2024 NY Slip Op 01004

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-02006
 (Index No. 607083/20)

[*1]Ericka Keller-Wala, et al., respondents, 
v
Jose Coello, Sr., appellant.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Philip J. Campisi and Michael Kwon of counsel), for appellant.
Jacqueline Warner, Mount Vernon, NY (Earl Williams of counsel), for respondents.

DECISION & ORDER
In an action for a judgment declaring that a contract dated June 5, 2018, is null and void, and unenforceable, the defendant appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered February 17, 2021. The order granted the plaintiffs' motion for summary judgment on the complaint and denied, as academic, the defendant's cross-motion for leave to amend his answer.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the contract dated June 5, 2018, is null and void, and unenforceable.
In July 2020, the plaintiffs, Ericka Keller-Wala and Brisa Builders Corp. (hereinafter Brisa Builders), commenced this action against the defendant for a judgment declaring that a written contract dated June 5, 2018, which was executed by Keller-Wala and the defendant, is null and void, and unenforceable. In the contract, the plaintiffs promised to pay certain developer fees and profit shares in various construction projects to the defendant and to transfer 10% ownership in Brisa Builders to him. The plaintiffs alleged, inter alia, that the contract lacked consideration.
The defendant, pro se, interposed an answer in which he asserted an affirmative defense of past performance. He also asserted a counterclaim, inter alia, to recover damages for breach of contract.
The plaintiffs moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for leave to amend his answer. In an order entered February 17, 2021, the Supreme Court granted the plaintiffs' motion and denied, as academic, the defendant's cross-motion. The defendant appeals.
To establish the existence of an enforceable agreement, there must be consideration, among other things (see Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464; Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1233-1234; Beitner v Becker, 34 AD3d 406, 407). "Consideration consists of either a benefit to the promisor or a detriment to the promisee" (Nassau County v New York State Urban Dev. Corp., 157 AD3d 805, 807 [internal [*2]quotation marks omitted]; see Beitner v Becker, 34 AD3d at 407). Under the contemporary definition of consideration, "[i]t is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him" or her (Weiner v McGraw-Hill, Inc., 57 NY2d at 464 [internal quotation marks omitted]; see Nassau County v New York State Urban Dev. Corp., 157 AD3d at 807).
The Supreme Court properly granted the plaintiffs' motion for summary judgment on the complaint because they demonstrated, prima facie, that the contract fails for lack of consideration, and in opposition, the defendant failed to raise a triable issue of fact. The contract "contains no express consideration, nor are there any mutual promises of the parties to it from which such consideration can be fairly inferred" (Schlegel Mfg. Co. v Cooper's Glue Factory, 231 NY 459, 461; see Transatlantic Rapid Sys., Inc. v Decoulos, 270 App Div 987).
Contrary to the defendant's contention, the plaintiffs' motion for summary judgment was not premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, [a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 916 [internal quotation marks omitted]; see Elfe v Roman, 219 AD3d 1304, 1306). "A determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (Ruttura & Sons Constr. Co. v Petrocelli Constr., 257 AD2d 614, 615). Here, the proffered need of the defendant to conduct discovery did not warrant denial of the plaintiffs' motion, as "[t]he mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Yonghong Xia v Zhao Xian Zeng, 219 AD3d at 916-917 [internal quotation marks omitted]; see Elfe v Roman, 219 AD3d at 1306).
Moreover, the Supreme Court providently exercised its discretion in denying the defendant's cross-motion for leave to amend his answer (see Village Bank v Wild Oaks Holding, 196 AD2d 812, 813; Lighting Horizons v Kahn & Co., 120 AD2d 648, 649-650). "When a motion for summary judgment is granted, a cross motion to amend the answer is academic when that cross motion seeks a determination that could not have any practical effect on the existing controversy" (Village Bank v Wild Oaks Holding, 196 AD2d at 813). Here, the outcome of the proposed counterclaims, including those alleging unjust enrichment and quantum meruit, would have had no effect on the present controversy, and therefore, the court properly determined that the defendant's cross-motion was academic.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the contract is null and void, and unenforceable (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court