Martin v Copado-Esquivel (2024 NY Slip Op 01804)

Martin v Copado-Esquivel

2024 NY Slip Op 01804

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-03436
 (Index No. 67567/21)

[*1]Maureen Martin, appellant, 
v
Diego Copado-Esquivel, et al., respondents.

Ikhilov & Associates, Brooklyn, NY (Erik Ikhilov of counsel), for appellant.
James F. Butler, Jericho, NY (Cristina M. Moreira of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 23, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging negligent operation of a motor vehicle and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging negligent operation of a motor vehicle, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained when the vehicle that she was operating was struck in the rear by a vehicle operated by the defendant Diego Copado-Esquivel (hereinafter the defendant driver) and owned by the defendant Copado Contracting, Inc. After issue was joined, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging negligent operation of a motor vehicle and dismissing the defendants' affirmative defenses alleging comparative negligence. By order dated March 23, 2023, the Supreme Court denied the motion with leave to renew upon the completion of discovery, concluding that the motion was premature. The plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (An v Abbate, 213 AD3d 891, 892, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672). As such, "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Genao v Cassetta, 214 AD3d 626, 627 [internal quotation marks omitted]; see Montalvo v Cedeno, 170 AD3d 1166, 1167). "[A]n assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Perez v Persad, 183 AD3d 771, 772; see Buchanan v Keller, 169 AD3d 989, [*2]992). A plaintiff is not required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; An v Abbate, 213 AD3d at 892).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging negligent operation of a motor vehicle by submitting her affidavit wherein she averred that her vehicle was stopped at a red traffic light when it was struck in the rear by the defendants' vehicle (see Perez v Persad, 183 AD3d at 772; Buchanan v Keller, 169 AD3d at 992; Ramirez v Konstanzer, 61 AD3d 837). The plaintiff also established her prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence by demonstrating that she was not at fault in the happening of the accident (see Tenezca v State of New York, 220 AD3d 959, 961; Quintanilla v Mark, 210 AD3d 713, 714).
In opposition, the defendants submitted an affidavit from the defendant driver, in which he stated that he was "not fully responsible" for the accident. The defendant driver also averred that the traffic light had turned green and that the plaintiff had moved forward and then suddenly stopped, causing the defendant driver to strike the rear of the plaintiff's vehicle despite his efforts to stop his vehicle. This evidence raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident, thereby supporting the denial of that branch of her motion which was for summary judgment dismissing the affirmative defenses alleging comparative negligence (see Thompson v New York City Tr. Auth., 208 AD3d 815, 818). However, since the defendants' evidence related only to the plaintiff's comparative fault, the defendants failed to raise a triable issue of fact in opposition to that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging negligent operation of a motor vehicle (see Perez v Persad, 183 AD3d at 772; Buchanan v Keller, 169 AD3d at 992).
Furthermore, the Supreme Court erred in determining that the plaintiff's motion was premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, [a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant"
(Skura v Wojtlowski, 165 AD3d 1196, 1200 [citations and internal quotation marks omitted]; see Quintanilla v Mark, 210 AD3d at 714). Here, the defendants had personal knowledge of the relevant facts, and their mere hope or speculation that evidence might be uncovered during discovery was an insufficient basis for denying the plaintiff's motion (see Quintanilla v Mark, 210 AD3d at 715).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging negligent operation of a motor vehicle.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court