Hogan v Townsend (2024 NY Slip Op 03171)

Hogan v Townsend

2024 NY Slip Op 03171

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2023-03197
 (Index No. 526231/21)

[*1]Shownne Hogan, appellant, 
v
Toby Townsend, et al., respondents.

Blumen & Shayne, PLLC (Arnold E. DiJoseph, P.C, New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated February 22, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, with leave to renew after the completion of depositions.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence is granted.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when his vehicle was struck by a truck operated by the defendant Toby Townsend and owned by the defendant Freight Zone Transportation, LLC. The defendants interposed an answer, asserting as an affirmative defense that the plaintiff was comparatively at fault in the happening of the accident.
The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The defendants opposed the motion. The Supreme Court denied the motion with leave to renew after the completion of depositions.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Shah v MTA Bus Co., 201 AD3d 833, 834 [internal quotation marks omitted]). A plaintiff moving for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence must demonstrate, prima facie, that he or she was not at fault in the happening of the accident (see Jones v Haifeng Zuo, 220 AD3d 933, 934; Quintanilla v Mark, 210 AD3d 713, 714).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The plaintiff submitted an affidavit in which he averred that he was traveling on a two-way street, with one moving lane and one parking lane in each direction, when [*2]he stopped alongside the parked vehicles intending to parallel park. According to the plaintiff, he remained stationary waiting to see whether the defendants' truck, which was behind him, would wait for him to back up into the spot. While he was stopped, the plaintiff asserted, Townsend attempted to drive around the plaintiff's vehicle, misjudged his clearance, and struck the left front corner of the plaintiff's vehicle with his right rear bumper as he cut back too sharply in front of the plaintiff. This evidence demonstrated that Townsend was at fault in the happening of the accident and that the plaintiff was not comparatively negligent.
In opposition, the defendants failed to submit evidence in admissible form to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Furthermore, the Supreme Court erred in determining that the motion was premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, [a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Skura v Wojtlowski, 165 AD3d 1196, 1200 [citations and internal quotation marks omitted]; see Quintanilla v Mark, 210 AD3d at 714). Here, the defendants already had personal knowledge of the relevant facts, and the mere hope or speculation that evidence might be uncovered during discovery was an insufficient basis for denial of the motion (see Quintanilla v Mark, 210 AD3d at 715).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense of comparative negligence.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court