Maurice v Donovan (2025 NY Slip Op 00656)

Maurice v Donovan

2025 NY Slip Op 00656

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-00058
 (Index No. 603390/21)

[*1]Liliane Maurice, et al., appellants,
v
Michael J. Donovan, et al., respondents.

Law Office of Cohen & Jaffe, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered December 20, 2021. The order denied the plaintiffs' motion for summary judgment on the issue of liability and, in effect, dismissing the first and second affirmative defenses.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability and, in effect, dismissing the first and second affirmative defenses is granted.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained when their vehicle was struck in the rear by the defendants' vehicle. Prior to discovery, the plaintiffs moved for summary judgment on the issue of liability and, in effect, dismissing the first and second affirmative defenses, which alleged, respectively, comparative fault and failure to wear a seat belt. The defendants opposed the motion on the ground that it was premature. The Supreme Court denied the motion. The plaintiffs appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendants breached a duty owed to the plaintiff and that the defendants' negligence was a proximate cause of the alleged injuries" (Montalvo v Cedeno, 170 AD3d 1166, 1167). "A plaintiff is not required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Martin v Copado-Esquivel, 226 AD3d 668, 670; see Rodriguez v City of New York, 31 NY3d 312). However, while "a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029).
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Montalvo v Cedeno, 170 AD3d at 1167, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). "Thus, a rear-end collision [*2]with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Montalvo v Cedeno, 170 AD3d at 1167).
Here, the plaintiffs' affidavits submitted in support of their motion established their prima facie entitlement to judgment as a matter of law on the issue of liability (see Quintanilla v Mark, 210 AD3d 713, 714; Montalvo v Cedeno, 170 AD3d at 1167). The plaintiffs each averred that their vehicle, which had been traveling westbound, had stopped at a red traffic light at an intersection, and had been stopped for approximately 30 seconds when, without warning, their vehicle was struck in the rear by the defendants' vehicle (see Martin v Copado-Esquivel, 226 AD3d at 670; Quintanilla v Mark, 210 AD3d at 714; Montalvo v Cedeno, 170 AD3d at 1167).
The plaintiffs also established their prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that they were not at fault in the happening of the accident (see Martin v Copado-Esquivel, 226 AD3d at 670; Quintanilla v Mark, 210 AD3d at 714). Further, the plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the affirmative defense alleging failure to wear a seat belt by presenting evidentiary proof in admissible form that they each were wearing a seat belt during the accident (see Giwa v Bloom, 154 AD3d 921, 923; Rockman v Brosnan, 242 AD2d 695, 696).
In opposition, the defendants "failed to submit an affidavit from a person with personal knowledge of the facts either denying the plaintiffs' allegations or offering a nonnegligent explanation for the collision" (Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737; see Sapienza v Harrison, 191 AD3d at 1030; Montalvo v Cedeno, 170 AD3d at 1167).
Contrary to the defendants' contention, the plaintiff's motion was not premature (see CPLR 3212[f]; Kimyagarov v Nixon Taxi Corp., 45 AD3d at 737). "While a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, a party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 916 [alterations and internal quotation marks omitted]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (id. at 916-917 [internal quotation marks omitted]).
Here, the defendants' proffered need to conduct depositions did not warrant denial of the motion. The defendants failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge or control of the plaintiffs. Moreover, the defendants' mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Martin v Copado-Esquivel, 226 AD3d at 671; Quintanilla v Mark, 210 AD3d at 715; Kimyagarov v Nixon Taxi Corp., 45 AD3d at 737).
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability and, in effect, dismissing the first and second affirmative defenses (see Yonghong Xia v Zhao Xian Zeng, 219 AD3d at 915; Montalvo v Cedeno, 170 AD3d at 1167).
CHAMBERS, J.P., BRATHWAITE NELSON, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court