Cameron v Plaisir (2025 NY Slip Op 06305)

Cameron v Plaisir

2025 NY Slip Op 06305

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-02142
 (Index No. 503554/23)

[*1]Orisa Cameron, et al., respondents, 
v
Josue Plaisir, et al., appellants.

Goldberg, Miller & Rubin, P.C., New York, NY (Dana Koos of counsel), for appellants.
The Tadchiev Law Firm, P.C., Floral Park, NY (Simon B. Landsberg of counsel), for respondent Orisa Cameron.
Ikhilov & Associates, Brooklyn, NY (Erik Ikhilov of counsel), for respondent Serita Fields-Subryan.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 19, 2023. The order denied the defendants' motion for leave to renew their opposition to the plaintiffs' prior motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, which had been granted in an order of the same court dated July 27, 2023, and the defendants' opposition to the prior separate motion of the plaintiff Orisa Cameron for summary judgment dismissing the defendants' counterclaim, which had been granted in the order dated July 27, 2023.
ORDERED that the order dated December 19, 2023, is reversed, on the law and in the exercise of discretion, with one bill of costs, the defendants' motion for leave to renew their opposition to the plaintiffs' prior motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence and the defendants' opposition to the prior separate motion of the plaintiff Orisa Cameron for summary judgment dismissing the defendants' counterclaim is granted, upon renewal, the order dated July 27, 2023, is vacated, and thereupon, the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence and the separate motion of the plaintiff Orisa Cameron for summary judgment dismissing the defendants' counterclaim are denied.
On September 17, 2022, a vehicle operated by the plaintiff Orisa Cameron, in which the plaintiff Serita Fields-Subryan was a passenger, collided with a vehicle operated by the defendant Josue Plaisir and owned by the defendant 1460 G & M Building Supply, Inc. The plaintiffs commenced this action to recover damages for personal injuries against the defendants by filing a summons and complaint in February 2023. The defendants filed an answer dated March 3, 2023, in which they asserted a counterclaim against Cameron for contribution.
In April 2023, the plaintiffs moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In June 2023, Cameron separately moved for summary judgment dismissing the defendants' counterclaim. In an order dated July 27, 2023, the Supreme Court granted the motion and the separate motion. On or about August 30, 2023, the defendants moved for leave to renew their opposition to the prior motion and their opposition to the prior separate motion. In an order dated December 19, 2023, the court denied the defendants' motion. The defendants appeal.
"In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see CPLR 2221[e]). "'While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance'" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 674 [internal quotation marks omitted], quoting Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774). "Law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion" (Nwauwa v Mamos, 53 AD3d 646, 649; see CPLR 2005).
Here, the Supreme Court improvidently exercised its discretion in denying the defendants' motion for leave to renew their opposition to the plaintiffs' prior motion and Cameron's prior separate motion, as the excuse of law office failure presented by the defendants was reasonable under the circumstances (see Castor v Cuevas, 137 AD3d 734, 734-735).
Furthermore, upon renewal, the Supreme Court should have vacated its prior order and denied the plaintiffs' prior motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence and Cameron's prior separate motion for summary judgment dismissing the defendants' counterclaim.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Russell v J.L. Femia Landscape Servs., Inc., 161 AD3d 1119, 1120; Niyazov v Hunter EMS, Inc., 154 AD3d 954). "As such, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Lopez v Dobbins, 164 AD3d 776, 777; see Tutrani v County of Suffolk, 10 NY3d 906, 908).
Here, the plaintiffs established, prima facie, their entitlement to judgment as a matter of law by demonstrating, through their affidavits, that Plaisir was negligent (see Mahmud v Feng Ouyang, 208 AD3d 861, 862). However, in support of their motion for leave to renew their opposition, the defendants submitted evidence presenting a diverging account of the accident. In his affidavit, supported by a series of photographs of the plaintiffs' vehicle, Plaisir averred that at the time and location of the accident, he was driving in the leftmost lane and attempting to make a left turn when the plaintiffs' vehicle made an improper left turn from a center lane, causing contact between the front of the defendants' vehicle and the rear quarter panel of the plaintiffs' vehicle. In light of the parties' conflicting versions of the happening of the accident, the defendants raised a triable issue of fact (see Yearwood v New York City Tr. Auth., 227 AD3d 843, 845; Quinones v Grace Indus., LLC, 219 AD3d 765, 766).
Accordingly, the Supreme Court should have granted the defendants' motion for leave to renew their opposition to the plaintiffs' prior motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence and the defendants' opposition to Cameron's prior separate motion for summary judgment dismissing the defendants' counterclaim, upon renewal, vacated the order dated July 27, 2023, and thereupon, denied the plaintiffs' prior motion and Cameron's prior separate motion.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court