Kropp v Pimentel

2026 NY Slip Op 02640

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

James D. Kropp, respondent,

v

Gregory Neil Pimentel, Jr., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-09535, (Index No. 629906/23)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Phillip Hom

Elena Goldberg Velazquez, JJ.

Gallo Vitucci Klar LLP, New York, NY (Leila Cardo of counsel), for appellants.

Law Offices of John Coco, PLLC (Hogan & Cassell, LLP, Jericho, NY [Michael Cassell], of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated June 10, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff alleged that the rear of his vehicle was struck by a vehicle operated by the defendant Gregory Neil Pimentel, Jr. (hereinafter the defendant driver), and owned by the defendant Islip Car & Truck Recycling, Inc. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, contending that negligence of the defendant driver in striking the rear of the plaintiff's vehicle was the sole proximate cause of the accident. In an order dated June 10, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 915 [internal quotation marks omitted]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Fischetti v Simonovsky, 227 AD3d 670, 671; Yawagyentsang v Safeway Constr. Enters., LLC, 225 AD3d 827). Although "[a] plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence . . . on the part of the plaintiff" (Greco v Altice USA, Inc., 230 AD3d 655, 656 [citations and internal quotation marks omitted]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his own affirmation, which demonstrated that his vehicle was slowing down for a red traffic light ahead when his vehicle was struck in the rear by the defendants' vehicle (see Mahmud v Feng Ouyang, 208 AD3d 861, 862; Lopez v Dobbins, 164 AD3d 776, 777). The plaintiff's affirmation also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that he was not negligent in the happening of the accident (see Mahmud v Feng Ouyang, 208 AD3d at 862; Lopez v Dobbins, 164 AD3d at 777).

In opposition, the defendants failed to raise a triable issue of fact. The defendant driver's assertion in his affirmation that the plaintiff's vehicle made a sudden stop and that, as a result, the defendant driver's vehicle skidded on the wet pavement during heavy rain was an insufficient nonnegligent explanation to rebut the inference of negligence since he failed to demonstrate that his vehicle's skid was unavoidable. The defendant driver's affirmation also failed to raise a triable issue of fact as to whether the plaintiff contributed to the happening of the accident (see Mosquera v Roach, 151 AD3d 1056, 1057).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.

CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court