Caldwell v Town of Huntington (2022 NY Slip Op 04004)

Caldwell v Town of Huntington

2022 NY Slip Op 04004

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-08999
 (Index No. 8104/15)

[*1]Bobby Caldwell, etc., plaintiff-respondent,
v
Town of Huntington, et al., appellants, Mona R. Conway, defendant-respondent.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick of counsel), for appellants.
The Law Offices of Peter D. Baron, PLLC, Melville, NY (Julie T. Mark of counsel), for plaintiff-respondent.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Town of Huntington and Imre Z. Hollosi III appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 12, 2020. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff was a passenger on a bus owned by the defendant Town of Huntington and operated by the defendant Imre Z. Hollosi III (hereinafter together the Town defendants) when the bus was hit in the rear by a vehicle driven by the defendant Mona R. Conway. The plaintiff subsequently commenced this action against the Town defendants and Conway to recover damages for personal injuries. Conway asserted cross claims seeking indemnification and contribution. After the completion of discovery, the Town defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In an order dated March 12, 2020, the Supreme Court denied the motion, and the Town defendants appeal.
"[N]ot every rear-end collision is the exclusive fault of the rearmost driver" (Tutrani v County of Suffolk, 64 AD3d 53, 59-60). Rather, "[t]here can be more than one proximate cause of an accident," and a defendant moving for summary judgment dismissing the complaint has the burden of establishing its freedom from comparative fault as a matter of law (Parker v Johns, 203 AD3d 1059, 1060 [internal quotation marks omitted]).
Here, the Town defendants failed to meet their prima facie burden in that regard. In support of their motion, the Town defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and Hollosi. Hollosi testified at his deposition that he was driving the bus [*2]in a through travel lane when a white van traveling in front of him stopped without warning. Hollosi testified that he was able to stop behind the van without colliding with it, and that Conway's vehicle thereafter collided with the rear of the bus. However, the plaintiff's deposition testimony provided a conflicting version of the accident. According to the plaintiff, the bus veered into a turning lane between the north and southbound travel lanes while Hollosi looked for something under his seat for approximately 10 to 15 seconds. The plaintiff testified that, upon looking up to discover the white van stopped in the turning lane, Hollosi was forced to veer into the southbound travel lane and stop suddenly, at which point the bus was hit by Conway's vehicle. In light of this conflicting evidence, the Town defendants failed to eliminate triable issues of fact as to whether they were partly at fault in the happening of the accident (see Cruz v Valentine Packaging Corp., 167 AD3d 707, 708-709; see also Tutrani v County of Suffolk, 10 NY3d 906, 907-908; Matias v Bello, 165 AD3d 642, 643).
Accordingly, the Supreme Court properly denied the Town defendants' motion for summary judgment without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court