Napier v Gleberman (2023 NY Slip Op 00326)

Napier v Gleberman

2023 NY Slip Op 00326

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03711
 (Index No. 623201/18)

[*1]Imani J. Napier, appellant, 
v
Diane K. Gleberman, et al., respondents.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Michael Balamoti of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Stephen Braslow, J.), dated May 5, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
This action arises out of a motor vehicle collision that occurred on November 22, 2017. The plaintiff alleges that she was injured when a vehicle that she operated struck the rear of a vehicle operated by the defendant Diane K. Gleberman (hereinafter the defendant driver) and owned by the defendant Charles Gleberman. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendant driver was negligent in making an unsafe lane change. The defendants moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 5, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's motion as academic. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Zweeres v Materi, 94 AD3d 1111). "'[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision'" (Batashvili v Veliz-Palacios, 170 AD3d 791, 792, overruled in part by Yassin v Blackman, 188 AD3d 62, quoting Scheker v Brown, 85 AD3d 1007, 1007; see Gibson v Levine, 95 AD3d 1071, 1072). "There can be more than one proximate cause of an accident, and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Martinez v Allen, 163 AD3d [*2]951, 951 [citation omitted]).
Here, in support of their motion, the defendants submitted a transcript of the deposition testimony of the defendant driver, who testified that she made a right turn out of a shopping center and into the right lane of the two lanes traveling west on Route 347 in Suffolk County. After driving for approximately five to six seconds, she looked behind her, did not see any vehicles, engaged her blinker, and merged into the left lane. She then traveled in the left lane for approximately five or six seconds before the plaintiff's vehicle came into contact with the rear of the defendants' vehicle. The defendants also submitted a transcript of the plaintiff's deposition testimony, which indicated that the plaintiff had been traveling west in the left lane on Route 347 for less than a minute before her vehicle collided with the rear of the defendants' vehicle. Based upon the foregoing, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the defendant driver was not at fault in the happening of the accident (see Witonsky v New York City Tr. Auth., 145 AD3d 938, 939).
In opposition, the plaintiff, who submitted the same transcripts of deposition testimony that the defendants submitted in support of their motion, failed to raise a triable issue of fact as to whether the defendant driver was at fault in the happening of the accident (cf. Cruz v Valentine Packaging Corp., 167 AD3d 707, 708-709).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention has been rendered academic in light of our determination.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court