Houslin v New York City Tr. Auth. (2023 NY Slip Op 00309)

Houslin v New York City Tr. Auth.

2023 NY Slip Op 00309

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-05135
 (Index No. 712274/17)

[*1]Alpheus Houslin, respondent, 
v
New York City Transit Authority, et al., appellants, et al., defendants.

Lawrence Heisler, Huntington, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Jerome D. Patterson, Bayside, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority, MTA NYC Bus, Metropolitan Transportation Authority, and Henry Castro appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered May 5, 2020. The order, insofar as appealed from, denied those defendants' cross-motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 26, 2017, a vehicle owned and operated by the defendant Terry P. Mohabir collided with a bus owned by the defendants New York City Transit Authority, MTA NYC Bus, and Metropolitan Transportation Authority, and operated by the defendant Henry Castro (hereinafter collectively the Transit defendants). A vehicle operated by the defendant Nicole Niani Skinner allegedly struck the Mohabir vehicle in the rear prior to the collision with the bus. In August 2017, the plaintiff, who was a passenger in the Mohabir vehicle, commenced this action to recover damages for personal injuries. Following the completion of discovery, as relevant here, the Transit defendants cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order entered May 5, 2020, the Supreme Court, inter alia, denied the cross-motion. The Transit defendants appeal.
"To obtain summary judgment in a negligence action, a defendant must establish that he or she was not at fault in the happening of the subject accident" (Parker v Johns, 203 AD3d 1059, 1060). "[T]here can be more than one proximate cause of an accident" (Caldwell v Town of Huntington, 206 AD3d 875, 876 [internal quotation marks omitted]; see White v Adom Rental Transp., Inc., 150 AD3d 938, 939), and generally, it is for the trier of fact to determine the issue of proximate cause (see White v Adom Rental Transp., Inc., 150 AD3d at 939).
While "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle" (Diamond v Comins, 194 AD3d 784, 784-785), "not every rear-end collision is the exclusive fault of the rearmost driver" (Joseph-Felix v Hersh, 208 AD3d 571, 572 [internal quotation marks omitted]; see Caldwell v Town [*2]of Huntington, 206 AD3d at 876). Here, in support of their cross-motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the Transit defendants relied on, inter alia, the plaintiff's and Mohabir's deposition testimony, as well as Castro's deposition testimony, which provided conflicting evidence as to the facts surrounding the accident. Under the circumstances, the Supreme Court properly denied the Transit defendants' cross-motion because issues of fact existed as to whether the bus was operated in a negligent manner and, if so, whether that negligence contributed to the accident (see Tutrani v County of Suffolk, 10 NY3d 906, 907-908; Rossnagel v Kelly, 177 AD3d 650, 651).
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court