McAvoy v Eighamri (2023 NY Slip Op 04202)

McAvoy v Eighamri

2023 NY Slip Op 04202

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-04456
 (Index No. 524947/19)

[*1]John McAvoy, plaintiff-respondent, 
v
Hasib H. Eighamri, appellant, Jian Liang Chen, et al., defendants-respondents.

Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Jonah S. Zweig], of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hasib H. Eighamri appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 10, 2021. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs payable to the defendants-respondents.
On September 23, 2019, the plaintiff was a passenger in a taxi operated by the defendant Hasib H. Eighamri. The taxi was struck in the rear by a vehicle operated by the defendant Jian Liang Chen (hereinafter Chen) and owned by the defendant Tong Shen Trading, Inc. (hereinafter TST). In November 2019, the plaintiff commenced this action to recover damages for personal injuries. Eighamri moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him, contending that Chen's negligence was the sole proximate cause of the accident. The Supreme Court, inter alia, denied the motion. Eighamri appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). "'There can be more than one [*2]proximate cause of an accident, and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she is not at fault in the happening of the subject accident'" (Napier v Gleberman, 212 AD3d 829, 830, quoting Martinez v Allen, 163 AD3d 951, 951). "'[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Martinez v Allen, 163 AD3d at 951-952, quoting Tutrani v County of Suffolk, 64 AD3d 53, 59-60).
Here, in support of his motion, Eighamri submitted, inter alia, his own affidavit, which stated that his vehicle was fully stopped for a red traffic light when it was struck in the rear by the vehicle operated by Chen and owned by TST. This evidence was sufficient to establish Eighamri's prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against him (see Robinson v New York City Tr. Auth., 213 AD3d 786, 787-788; Napier v Gleberman, 212 AD3d at 830).
In opposition, Chen and TST raised a triable issue of fact as to whether Eighamri was also at fault in the happening of the accident with evidence that Eighamri's vehicle accelerated in an attempt to beat a yellow traffic light and then came to a sudden stop in the middle of the intersection while the traffic light was still yellow (see Thompson v New York City Tr. Auth., 208 AD3d 815, 818; Martinez v Allen, 163 AD3d at 952; Tutrani v County of Suffolk, 64 AD3d at 59-60).
The contention of Chen and TST that the motion was premature is without merit (see Quintanilla v Mark, 210 AD3d at 715; Cajas-Romero v Ward, 106 AD3d 850, 852).
Accordingly, the Supreme Court properly denied Eighamri's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court