Kerper v Betancourt (2024 NY Slip Op 01296)

Kerper v Betancourt

2024 NY Slip Op 01296

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-02938
 (Index No. 524595/19)

[*1]Jay Kerper, appellant, 
v
Steve Betancourt, respondent, et al., defendant.

Holczer Law Firm, PLLC, Brooklyn, NY (Ezra Holczer of counsel), for appellant.
James G. Bilello, Hicksville, NY (Jill Dabrowski of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated April 6, 2022. The order granted the motion of the defendant Steve Betancourt for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Steve Betancourt for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiff allegedly was injured when a vehicle he was operating struck the rear of a vehicle operated by the defendant Steve Betancourt (hereinafter the defendant) at an intersection. Thereafter, in November 2019, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that the plaintiff's negligence was the sole proximate cause of the accident. In an order dated April 6, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (McAvoy v Eighamri, 219 AD3d 604, 605 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Martinez v Allen, 163 AD3d 951, 951; see Balanta v Guo Lin Wu, 220 AD3d 720, 721). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427), and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident (see Martinez v Allen, 163 AD3d at 951). "Not every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (McAvoy v Eighamri, 219 AD3d at 605 [alterations and internal quotation marks omitted]; see Martinez v Allen, 163 AD3d at 952).
Here, in support of his motion for summary judgment, the defendant submitted, inter alia, the transcript of his deposition testimony and a certified copy of the police accident report, which established that the defendant's vehicle was stopped at the time the plaintiff's vehicle struck the rear of the defendant's vehicle. The defendant testified that he came to a gradual stop at the intersection and utilized his left turn signal, waiting for traffic to clear before making his left turn. This evidence demonstrated, prima facie, that the defendant was not negligent and that the plaintiff's negligence was the sole proximate cause of the accident (see Martinez v Allen, 163 AD3d at 952; De Castillo v Sormeley, 140 AD3d 918, 919).
In opposition, the plaintiff raised a triable issue of fact as to whether the defendant negligently caused or contributed to the accident (see Martinez v Allen, 163 AD3d at 952; Ortiz v Welna, 152 AD3d 709, 711). Contrary to the defendant's contention, the plaintiff raised questions of credibility, which are for the jury to determine (see Brown v Pinkett, 110 AD3d 1024, 1025; Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 620-621; Ramos v Rojas, 37 AD3d 291, 292). The plaintiff disputed the content of his statement, as reflected in the police accident report, as well as the veracity of the defendant's deposition testimony as to how the accident occurred. Specifically, the plaintiff disputed that the defendant utilized his left turn signal and averred that the defendant came to a sudden stop at the intersection.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court