Laureano v EAN Holdings, LLC (2024 NY Slip Op 01538)

Laureano v EAN Holdings, LLC

2024 NY Slip Op 01538

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06285
 (Index No. 525000/19)

[*1]Rubby Laureano, plaintiff-respondent,
v
EAN Holdings, LLC, et al., appellants, Jose A. Suci III, et al., defendants-respondents.

Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Catherine Papandrew of counsel), for appellants.
Cherny & Podolsky, PLLC, Brooklyn, NY (Biana L. Mashevich of counsel), for plaintiff-respondent Rubby Laureano.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for defendants-respondents Jose A. Suci, III, and Arias Masiel Acosta.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants EAN Holdings, LLC, Elrac, LLC, and Adrianna Marie Legoff appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 7, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Jose A. Suci III, and Arias Masiel Acosta which was for summary judgment dismissing all cross-claims insofar as asserted against them and granted the plaintiff's motion for summary judgment on the issue of liability against the defendants EAN Holdings, LLC, Elrac, LLC, and Adrianna Marie Legoff and dismissing their affirmative defense alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the motion of the defendants Jose A. Suci III, and Arias Masiel Acosta which was for summary judgment dismissing all cross-claims insofar as asserted against them and the plaintiff's motion for summary judgment on the issue of liability against the defendants EAN Holdings, LLC, Elrac, LLC, and Adrianna Marie Legoff and dismissing their affirmative defense alleging comparative negligence are denied.
A vehicle operated by the defendant Adrianna Marie Legoff (hereinafter the appellant driver) and owned by the defendants EAN Holdings, LLC, and Elrac, LLC (hereinafter collectively the appellants) struck the rear of a vehicle owned by the defendant Jose A. Suci III, and allegedly operated by the defendant Arias Masiel Acosta (hereinafter together the defendants). The plaintiff commenced this action against the defendants and the appellants to recover damages for personal injuries that he allegedly sustained as a result of the accident. The appellants answered and asserted a cross-claim against the defendants for contribution. The defendants moved, inter alia, for summary judgment dismissing all cross-claims insofar as asserted against them. The plaintiff moved for summary judgment on the issue of liability against the appellants and dismissing their affirmative [*2]defense alleging comparative negligence. In an order dated March 7, 2022, the Supreme Court granted the plaintiff's motion and that branch of the defendants' motions. This appeal ensued.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (McAvoy v Eighamri, 219 AD3d 604, 605; Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). "'There can be more than one proximate cause of an accident, and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Napier v Gleberman, 212 AD3d 829, 830, quoting Martinez v Allen, 163 AD3d 951, 951). "'[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Martinez v Allen, 163 AD3d at 951-952, quoting Tutrani v County of Suffolk, 64 AD3d 53, 59-60).
Here, in support of their motion, the defendants submitted, among other things, an affidavit from Acosta, in which he averred that he had been operating the defendants' vehicle, which was stopped for approximately 30 seconds due to the traffic conditions ahead when it was struck in the rear by the appellants' vehicle. This evidence was sufficient to establish the defendants' prima facie entitlement to judgment as a matter of law dismissing all cross-claims insofar as asserted against them (see McAvoy v Eighamri, 219 AD3d at 605; Thompson v New York City Tr. Auth., 208 AD3d 815, 818).
In opposition, the appellants raised triable issues of fact as to whether Acosta was operating the defendants' vehicle at the time of the accident and whether the operator of the defendants' vehicle proximately caused the accident by coming to a sudden stop in the middle of the block for no apparent reason when there were no vehicles traveling in front of it (see Thompson v New York City Tr. Auth., 208 AD3d at 818; Salako v Nassau Inter-County Express, 131 AD3d 687; Kertesz v Jason Transp. Corp., 102 AD3d 658, 659). The uncertified police accident report submitted by the defendants in support of their motion was inadmissible (see Yassin v Blackman, 188 AD3d 62). The defendants' contention that the appellant driver contradicted her prior statement to the police in her affidavit is not supported by admissible evidence, and any alleged discrepancies in her affidavit raised a credibility issue which must be submitted to a jury (see Elusma v Jackson, 186 AD3d 1326, 1328; Pilgrim v Vishwanathan, 151 AD3d 769, 771).
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312; Hall v Powell, 183 AD3d 576, 577). Here, the plaintiff established his entitlement to judgment as a matter of law by demonstrating, prima facie, that the appellant driver was negligent in striking the rear of the defendants' vehicle, in which the plaintiff was a passenger, when it was stopped due to the traffic conditions ahead (see Lopez v Suggs, 186 AD3d 589, 590; Cortese v Pobejimov, 136 AD3d 635, 636), and that the plaintiff was an innocent passenger who did not contribute to the happening of the accident (see Lopez v Suggs, 186 AD3d at 590; Balladares v City of New York, 177 AD3d 942, 944).
In opposition, the appellants raised triable issues of fact as to whether the plaintiff was occupying the defendants' vehicle at the time of the accident, whether this accident proximately caused the plaintiff's injuries (see Hamdamova v New Dawn Tr., LLC, 163 AD3d 786, 787; Jackson v Trust, 103 AD3d 851), and, as discussed above, whether the operator of the defendants' vehicle proximately caused the accident by coming to a sudden stop in the middle of the block for no apparent reason when there were no vehicles traveling in front of it.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing all cross-claims insofar as asserted against them and should have denied the plaintiff's motion for summary judgment on the issue of liability against the appellants and dismissing their affirmative defense alleging comparative negligence.
In light of our determination, it is not necessary to reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court