Trinidad v Llapa (2024 NY Slip Op 05364)

Trinidad v Llapa

2024 NY Slip Op 05364

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-09704
 (Index No. 523788/19)

[*1]Victor M. Trinidad, Jr., plaintiff-respondent,
v
Dea Llapa, et al., defendants-respondents, Manjit Kaur, appellant.

Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY (Jonah S. Zweig of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Manjit Kaur appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 7, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he alleged he sustained in January 2019 when he was a passenger in a vehicle operated by the defendant Manjit Kaur that was struck in the rear by a vehicle operated by the defendant Dea Llapa and owned by the defendant Rezearta Talani. Kaur moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her, contending that Llapa was solely at fault in the happening of the accident. In an order dated September 7, 2023, the Supreme Court denied Kaur's motion. Kaur appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Quintanilla v Mark, 210 AD3d 713). "'There can be more than one proximate cause of an accident, and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Napier v Gleberman, 212 AD3d 829, 830, quoting Martinez v Allen, 163 AD3d 951, 951). "'[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Martinez v Allen, 163 AD3d at 951-952, quoting Tutrani v County of Suffolk, 64 AD3d 53, 59-60; see Gomez v Pechman, 223 AD3d 711, 712).
Kaur, who submitted an affidavit and transcripts of the deposition testimony of the plaintiff and of Llapa in support of her motion, failed to establish her prima facie entitlement to judgment as a matter of law. That evidence conflicted as to the facts surrounding the accident, and triable issues of fact exist as to whether Kaur's vehicle was moving or stopped at the time of the accident, whether Kaur was distracted by her cell phone just prior to the accident, and whether Kaur [*2]was comparatively at fault in the happening of the accident (see Houslin v New York City Tr. Auth., 212 AD3d 790; Caldwell v Town of Huntington, 206 AD3d 875, 876). Since Kaur failed to meet her initial burden as the movant, we need not consider the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court