Saintsimon-Jeanty v Uber USA

2026 NY Slip Op 03193

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ena Saintsimon-Jeanty, plaintiff-respondent,

v

Uber USA, et al., defendants, Pasang Sherpa, et al., appellants, Jean Sanon, et al., defendants-respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-07842, (Index No. 727759/21)

Mark C. Dillon, J.P.

Lara J. Genovesi

Donna-Marie E. Golia

Phillip Hom, JJ.

Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for appellants.

Gregory Spektor & Associates, P.C., Rosedale, NY (Sol Z. Sokel of counsel), for plaintiff-respondent.

Hinshaw & Culbertson LLP, New York, NY (Madeline F. Huerta and Robert J. Finley of counsel), for defendant-respondent Jean Sanon.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Ira E. Goldstein, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for defendant-respondent David Butler.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants Pasang Sherpa and Pamu Diki Sherpa appeal from an order of the Supreme Court, Queens County (Cassandra A. Johnson, J.), dated March 21, 2024. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff, the defendant Jean Sanon, and the defendant David Butler, appearing separately and filing separate briefs.

In May 2021, the plaintiff was a passenger in a vehicle (hereinafter the Sherpa vehicle) owned by the defendant Pamu Diki Sherpa, which was being operated as an Uber taxi by the defendant Pasang Sherpa (hereinafter together with Pamu Diki Sherpa, the Sherpa defendants). The Sherpa vehicle was traveling northbound on Hook Creek Boulevard when it was struck in the rear in a chain reaction collision involving two other vehicles at or near the intersection with 137th Avenue in Rosedale. The vehicle traveling directly behind the Sherpa vehicle at the time of the accident was owned and operated by the defendant Jean Sanon, and the vehicle traveling directly behind Sanon's vehicle was a vehicle owned and operated by the defendant David Butler.

The plaintiff commenced this action against, among others, the Sherpa defendants, Sanon, and Butler, to recover damages for personal injuries, alleging, inter alia, that those defendants were negligent in the ownership and operation of their respective vehicles. Prior to the completion of discovery, the Sherpa defendants moved for summary judgment dismissing the amended [*2]complaint and all cross-claims insofar as asserted against them. By order dated March 21, 2024, the Supreme Court, among other things, denied the Sherpa defendants' motion. The Sherpa defendants appeal.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Portorreal v Mann, 237 AD3d 1120, 1121). "In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party" (Boulos v Lerner-Harrington, 124 AD3d at 709; see Sougstad v Capuano, 215 AD3d 776, 776). "[T]here can be more than one proximate cause of an accident, and generally, it is for the trier of fact to determine the issue of proximate cause" (Houslin v New York City Tr. Auth., 212 AD3d 790, 790-791 [citations and internal quotation marks omitted]).

"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d 791, 793 [internal quotation marks omitted]; see Tutrani v County of Suffolk, 10 NY3d 906, 908). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]; see Gimenez v Pepsi-Cola Bottling Co. of N.Y., Inc., 234 AD3d 943, 944). Moreover, "[t]he frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Choudhary v DiSilvio, 225 AD3d 837, 838 [internal quotation marks omitted]; see McAvoy v Eighamri, 219 AD3d 604, 605).

In support of the Sherpa defendants' motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them, they relied upon, inter alia, the affidavit of Pasang Sherpa. In that affidavit, Pasang averred that he came to a stop at a red light while traveling on Hook Creek Boulevard. He further averred that while stopped at the red light he was struck in the rear by Sanon's vehicle. This affidavit, on its own, was sufficient to establish the Sherpa defendants' prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross-claims insofar as asserted against them, as it demonstrated that Pasang was not at fault in the happening of the accident (see Sroor v Marziano-Fontana, 229 AD3d 581, 583; McAvoy v Eighamri, 219 AD3d at 605).

In opposition, the plaintiff, Sanon, and Butler relied upon, among other things, the affidavit of Sanon. Sanon's affidavit raised a triable issue of fact as to whether Pasang was negligent in the happening of the accident because, according to Sanon, there was no traffic control device at the subject intersection and Pasang, as he approached that intersection on Hook Creek Boulevard, suddenly stopped for no apparent reason (see Thompson v New York City Transit Auth., 208 AD3d 815, 818).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the Sherpa defendants' motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court